H. O. & C. A. THOMPSON *v.* J. C. CAMORS & CO.

[89 South. 649, No. 21966.]

ATTACHMENT. *Court clerk need not mail copy of published notice to resident defendants in attachment, and their being described in the judgment as nonresidents does not invalidate.*

Section 147, Code 1906 (section 139, Hemingway's Code), expressly provides that, when a resident defendant be not summoned in an attachment suit, the clerk of the court shall cause a notice to be published once a week for three weeks in some newspaper published in the county, or in some convenient county, and having a circulation in the county in which the suit is pending, stating the issuance of such attachment, at whose suit, against whose estate, for what sum, and in what court the same is pending, and that, unless the defendant appear on the first day of the next succeeding term of court and plead to said action, judgment will be entered, and the estate attached will be sold. Under this section it is not necessary that the clerk of the

court mail to the absent resident defendant, at his post office address, a copy of such notice.  This notice is only required to be mailed when the suit is against persons residing outside of this state.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

Action by J. B. Camors & Co. against H. O. & C. A. Thompson, and from default judgments, the defendants appeal.  Affirmed.

*M. A. Pilgrim* and *Crisler & Crisler,* for appellant.

Counsel for appellee, contends that the process in this case was proper and according to the requirements of the law governing, that this was an attachment against an absent resident defendant, and that under section 147 of the Code of 1906, the only requirement is the publication in the newspaper as was done in this case.  By reference to the judgment in attachment and also the judgment in debt, above quoted herein, it will be found that said judgments were taken against nonresident defendants and in the manner required by law in cases against nonresident defendants, or was so cited in said judgments, which of course we deny.

We cannot comprehend the meaning of the appellee, in its contentions.  It cannot be denied that the law requires the mailing and the noting of said mailing of a true copy of the summons to the post office address of the defendants, nonresident or absent.  On the general docket, the judgments cite that they were taken by default against the defendants, in the manner required by law in cases against nonresident defendants, also citing that the defendants were nonresidents of the state of Mississippi.  The records show that the process was not as required by law in cases against nonresident defendants, in that there was not a copy of the summons mailed the post office address of the defendants, and the said fact of mailing noted on the general docket.

We do not concede that the contentions of appellee is in any manner whatsover correct, but even admitting it to be, the appellee availeth nothing thereby. It is attempting to have this court sustain judgments, citing on the face thereof, that they were taken in the manner required by law in cases against nonresident defendants, and yet contending that the manner of process had herein is only sufficient to sustain a judgment against an absent resident defendant. Counsel argues against the appellee, whom he is representing, in this matter. The judgments cannot stand, whether or not there is a difference between process by publication for an absent resident defendant and for absent nonresident defendants. The process had will not support the judgments taken.

Counsel, in his remarks in regard to the following cases cited in brief for this appellant, to-wit: *Griffin* v. *Mills,* 40 Miss. 611; *Drysdale* v. *Biloxi,* 67 Miss. 534; *Larson* v. *Larson,* 84 Miss. 116; *Lumber Co.* v. *Lumber Co.,* 85 Miss. 54, states that the cases are in case of nonresident defendants and therefore not applicable to the case at bar. We must disagree with him on this point, because of the facts that the judgments which he is trying to sustain, was taken against nonresident defendants, in the manner required by law in cases against nonresident defendants, or said judgment so recites. This being true the above cited cases are the more so applicable to the case at bar.

We agree with counsel, in his remarks regarding the following cases, to-wit: *Keely Brewer Co.* v. *Car,* 198 Ill. 492; *Faul* v. *Beucus,* 124 Mich. 582; *Lederer* v. *Rosenthall,* 98 Wis. 235.

These cases do hold that the statute provided must be strictly complied with; also that one seeking the remedy of attachment must strictly comply, in every step of the procedure or the remedy will be denied him. In the case at bar the party seeking the remedy did not comply with the statutes made and provided, therefore he should have been denied the remedy.

In conclusion, we wish to reiterate every statement in the original brief for this appellant, and to make clear that we stand fully on every contention made in this as well as the original brief for appellant. We believe that we have correctly stated the law and facts and that justice lies with the appellant in this case.

We therefore, respectfully submit, that this cause should be reversed and remanded back to the lower court for a trial on the merits thereof.

*Wm. Colmer,* for appellee.

The only contention seriously made in the brief for appellant is that the default judgment rendered in the court below is alleged to be void on account of the alleged failure of the circuit clerk to send to appellants at their post office, counsel contend that it was necessary under section 147, Code 1906, for the clerk to send a notice to appellants at their post office address within the state, and maintain that the judgment is void for this alleged failure.

In response to this contention, we desire to point out, first that the record is silent on the question of whether any notice was actually sent by the clerk or not, but irrespective of this, we maintain that section 147, Code 1906, does not require that a notice be sent in the case of an attachment against residents of the state who are not summoned personally.

It will be noted that the procedure for the bringing in of resident defendants who were not personally summoned is entirely different under this section from that provided for nonresident defendants. In the case of the former, the clerk of his own motion makes the publication for the defendant, upon the filing of a return by the sheriff showing that defendant was not personally served. As to these it is not required that any notice be sent. The latter part of the section beginning with the words: "but in cases of attachment against persons residing out of this state," then outlines the procedure for summoning nonresident defend-

ants. It is there required first that the creditor, his agent or attorney shall file an affidavit giving the post office address of defendant, or representing that he has made diligent inquiry to ascertain it without success. Upon the filing of such an affidavit, the clerk then causes publication to be made and directs that a copy of the notice be sent to the defendant at his post office address if it be given.

The argument of counsel is entirely beside the question. While we are not concerned with the policy of the law or with the reasons impelling the legislature to make a different procedure in the case of nonresidents from that provided for residents, a moment's reflection discloses good reasons why there should be a difference in procedure. In the case of residents, the law requires, first, that they be sued in the county of their residence, and that process be served on them personally if to be found. If they are not to be found at all, the law contemplates that they would be located either at their post office address or at their place of business. If the sheriff, after the making of diligent search and inquiry, cannot find them at their post office address or place of business, nor elsewhere in the county, what good could be accomplished by the sending of a notice to their post office address. Again, the seizure of property belonging to defendants in the county of their residence would be a matter of such notoriety and publicity as to cause comment and discussion which would very likely reach the defendants, if they had not been personally served. The law therefore adopts the obviously proper procedure of the requiring that publication be made in a newspaper published in the county of the residence of the defendants.

Counsel next cite section 3924, Codé 1906, but we submit that it has no application whatever to the point now under consideration. Even if it was intended by that section to create a general scheme for the making of publication, it will be noted that in the concluding clause it says: "Unless otherwise provided: We contend that section 147, above cited, provides otherwise."

Counsel next takes up section 3921, Code 1906. That section, however, confessedly and expressly applies to publication for nonresidents. Referring back to section 3920 of which section 3921 is really a part, we find that it applies only to proceedings against nonresidents and unknown defendants in chancery, and expressly has no reference to proceedings in the circuit court against resident, absent defendants. Counsel cite the cases of *Griffin* v. Mills, 40 Miss. 611; *Drysdale* v. *Biloxi,* 67 Miss. 534; *Larson* v. *Larson,* 84 Miss. 116; *Lumber Co.* v. *Lumber Co.,* 85 Miss. 54. Not one of these cases have the slightest application to the point contended for by counsel for the reason that they all involve publication for nonresident defendants.

We do not think, therefore that it is worth while to take up the time of the court in discussing cases which do not involve questions presented here. Counsel, at page 8 and 9 of their brief, discuss the return of the sheriff and say: "The whereabouts of defendants could have been ascertained from the agent, if in fact he was the agent of the defendant."

If counsel desire to impeach the return of the sheriff, that should have been done in the lower court at a seasonable time. The sheriff recites that he failed to find the defendants after diligent search and inquiry, and there is nothing in the record to impeach this return. The cases of *Keeley Brewer Co.* v. *Car,* 198 Ill. 492; *Faul* v. *Beucus,* 124, Mich. 2582; *Lenderer* v. *Rosenthal,* 98 Wis. 235, simply hold that the procedure provided by statute in cases of attachment must be followed.

We have made a careful examination of Mississippi decisions on the question here involved, but find no case deciding the point. However, the statute under consideration, i. e, section 147, Code 1906, is so plain and so manifestly followed that authority on the point would be really surplusage.

The return of the sheriff, shown at page 19 of the record, shows that after failing to find the defendants, he posted a

copy of the writ on the door of their store house; the return shows further that the levy was made in the presence of the defendant's agent.  In view of this, it is hardly conceivable that defendants were not notified of the pendency of the attachment.

In conclusion, we submit that the appeal is without merit, and should be affirmed.

SYKES, P. J., delivered the opinion of the court.

The appellants, H. O. & C. A. Thompson, prosecute this appeal from default judgment rendered against them in the circuit court in an attachment suit.  The sole question presented by this appeal is whether or not the judgments in the attachment suits and upon the debt issue are void because of a failure to properly summon the appellants, defendants in the circuit court.  The appellants were proceeded against both in the affidavit and the declaration as residents of the county with their place of business and residence at Kreole, Jackson county, Miss.  The writ of attachment was issued in the same manner.  The return of the sheriff upon this writ was to the effect that he had executed it by going into the storehouse of the defendants at Kreole and attached and levied upon the goods, wares, merchandise, and accounts of the defendants and by posting a copy of the writ upon the door of the storehouse, having failed after diligent search and inquiry to find either of the defendants in the county.  Publication of notice as provided is section 147, Code 1906 (section 139, Hemingway's Code), was properly made for three weeks in a newspaper published in that county.  The caption of this notice was "Nonresident notice."  No affidavit was filed with the clerk by the creditor, its agent or attorney, showing the post office of the defendants, or that the plaintiff (appellee) had made diligent inquiry to ascertain it without success, and no copy of this notice was mailed by the clerk to the defendants (appellants).  The default judgments both on

the attachment issue and the debt issue refer to the de-
fendants as being nonresidents of the state.

It is the contention of the appellants that section 147,
Code of 1906 (section 139, Hemingway's Code), is to be
construed with sections 3921 and 3924, Code of 1906 (sec-
tions 2928 and 2931, Hemingway's Code), and that these
sections require not only publication in a newspaper, but a
mailing of the summons to a resident defendant not per-
sonally served. Section 3921 of the Code, however, refers
only to nonresident and unknown defendants, as is shown
by its caption. This caption being "The Same; Copy Mail-
ed, etc.," which, of course, refers to the preceding section
and the caption of section 3920 is "Nonresident and Un-
known Defendants Summoned by Publication."

Section 3924, Code 1906 (section 2931, Hemingway's
Code), provides that publication of summons in all cases
and in every court shall be made as provided in the
chapter on nonresident or absent defendants in
chancery "unless otherwise provided." This section is not
applicable, because section 147 expressly provides for the
publication of notice in case the defendant be not sum-
moned. This section deals first with a resident defendant
not found. In this case the statute expressly provides
that: "The clerk of the court shall cause a notice to be
published once a week for three weeks in some newspaper
published within the county," etc.

After thus dealing with resident defendants it is then
provided:

"But in cases of attachment against persons residing out
of this state, the creditor, his agent or attorney, shall file
with the clerk his affidavit—if the affidavit for the attach-
ment do not contain such statement—showing the post
office of the defendant, or that he has made diligent inquiry
to ascertain it without success; and if the post office shall
be stated, the clerk shall send by mail to such defendant,
at his post office, a copy of such notice, and shall make it
appear to the court that he has done so, before judgment
shall be rendered on publication of notice."

It will thus be seen that in providing for the publication of notice for a resident defendant this section only requires publication in newspaper for three weeks when a newspaper is published in the county. But in case of a nonresident defendant it is further made the duty of the creditor, his agent or attorney, to make affidavit showing the post office address of the defendant, or that he has made diligent inquiry to ascertain it without success; and, if the post office is given it is further made the duty of the clerk to send by mail to the defendant a copy of the notice. We presume that the lawmakers appreciated the fact that a resident of a county would certainly ascertain that his estate had been attached either from the actual seizing of his estate by the sheriff or would see the notice in his county paper. On the other hand, a nonresident absent defendant living probably many miles away from his estate in Mississippi might not be informed of the attachment by virtue alone of its execution, neither would he be apt to read the county paper; consequently his interests are further safeguarded by the statute in this manner. However, this court is not called upon to pass upon the wisdom of the statute. It is plain and unambiguous in its terms. *"Ita lex scripta est."*

Under this section the defendants were properly brought into court, and the court had jurisdiction to enter the judgments by default. The judgments erroneously describe the defendants as being nonresidents. This, however, does not invalidate them.

*Affirmed.*